UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHAEL KENNEDY

    Plaintiff,

V.

I.C. SYSTEM, INCORPORATED

    Defendant.

CIVIL ACTION NO.

OCTOBER 21, 2010

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, as an individual consumer, against Defendant I. C. System, Incorporated hereinafter ("IC") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Michael W. Kennedy is a natural person residing in the Town of Annapolis, County of Anne Arundel, and State of Maryland.

4. Defendant, IC, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 444 East Highway 96, P.O. Box 64444, St. Paul, MN 55164 and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant IC is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff communicated via telephone with the Defendant IC, on or about May 26, 2010.

7. Defendant attempted to collect an alleged consumer debt, bearing account no 9898429001 from the Plaintiff and failed to advise him of the required Notice pursuant to §1692e (11).

8. Plaintiff spoke to Defendant's collection agent, who advised him that he needed to speak with an attorney and provided Plaintiff with an 800 number to call.

9. Defendant advised the Plaintiff that he could pay now or his account was would be transferred to a law firm and he needed to contact an attorney.

10. Plaintiff inquired as to the name of the law firm or attorney to who the account was transferred and the collector was unable to provide the identity of the law firm/attorney.

11. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e.

12. Plaintiff contacted the Defendant via written letter and advised the Defendant that he disputed this debt.

13. Defendant failed to validate the disputed debt.

14. Defendant continued to report the disputed debt, thus "attempting to collect a debt" despite the prohibition of §1692g, after receiving a written dispute the Defendant must stop all collection activities until such time as they validate the debt.

15. Defendant continued to report the disputed debt, without note of the Plaintiff's dispute, as required by §1692e (8).

16. Plaintiff's counsel received a letter dated June 1, 2010 (Exhibit A).

17. Defendant in their letter dated June 1, 2010 stated "we apologize for the re-re-porting of the account at issue (9898429001) on your client's credit report. That re-reporting was an unintentional error."

18. Plaintiff pulled a another copy of his credit report, (July 3, 2010) thirty- three (33) days after the date of Defendants admission that is mistakenly re-reported account no 9898429001 on his credit report, and on this report was listed account number 9898429001.

19. On August 27, 2010 the Plaintiff directly contacted the Defendant regarding account no 9898429001.

20. The Defendant transferred Plaintiff three (3) times to different departments and he was told, he needed to speak to the collection agent, collecting his account named Carol Labs, but that she was not available and he would have to leave his telephone number.

21. The Plaintiff asked the Defendant for her direct extension and was advised she didn't have one.

22. The Plaintiff asked if he could leave his message on Carol Labs's voicemail and was advised she didn't have one, again he was advised he would have to leave his name and number.

23. The Plaintiff received a phone call back, but was not able to answer the phone call and Carol Labs left a voicemail message on Plaintiff's cell phone advising the Plaintiff, that she was returning his telephone call and that he should return her call to I.C. Systems, Inc.

24. The Defendant communicated directly with a known represented party and violated §1692c (a) (2).

25. Defendant's voicemail message, purposefully left out any information that Defendant, was a debt collector or that the call had been made for the purpose of collecting a debt. The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt

collector. See 15 U.S.C. § 1692e (11). *Edwards v. Niagara Credit Solutions, Inc.* (11th Cir. 2009).

26. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

27. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

28. Defendant IC violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

(c) Violation of §1692e (11).

(d) Violation of §1692c (a)(2).

29. As a result of the foregoing violations of the FDCPA, Defendant IC is liable to the Plaintiff for declaratory judgment that IC conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant IC for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com